UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

        Plaintiff,

-against-

JENNIFER S. ADAMS, *et al.*,

        Defendants.

19-CV-7111 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff has filed numerous actions here and in other federal district courts against Progressive Corporation Insurance Company ("Progressive") arising out of a January 28, 2017 car accident in Buffalo, New York. In this action, Plaintiff sues twenty Defendants, including Progressive and the lawyers representing Progressive in other actions. By order dated October 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Robert W. Johnson, a Bronx resident, has brought multiple actions against Progressive in this court and others arising from a January 17, 2017 car accident in Buffalo, New York. *See Johnson v. Law Offices of Jennifer S. Adams*, ECF 1:19-CV-6272, 4, at 2-3 (S.D.N.Y. July 15, 2019) (describing Plaintiff's previous litigation).

On May 22, 2019, the Court issued an order dismissing Plaintiff's claims in yet another case against Progressive as duplicative of an action filed by Plaintiff in the United States District Court for the Northern District of Ohio. *See Johnson v. Progressive*, ECF 1:19-CV-2902, 9

(S.D.N.Y. May 22, 2019). On June 5, 2019, Plaintiff filed a notice of appeal in that action. *Johnson*, ECF 1:19-CV-2902, 13.

Plaintiff now brings this action alleging that, in his appeal of his prior action, Defendant Iryna S. Krauchanka made an appearance on behalf of Progressive in the Court of Appeals for the Second Circuit, and "[t]he forged affidavit of service was signed by Holly Renson and notarized by Gail S. Karan." (ECF No. 1, at 2.) Plaintiff alleges that "Defendants are ineffective counsel and in defense counsel for a fraudulent insurance claim." (*Id.*) Krauchanka "committed a federal crime by being in assembly with a fraudulent insurance claim stating Hon. Colleen McMahon dismissed Plaintiff's 28 U.S.C. § 1332 Div. of Cit. action set for Jaunuary 28, 2020 deadline." (*Id.* at 3.) Plaintiff alleges that Defendants have denied him "a fair hearing for insurance claim matters," *id.*, and that "Defendants are Pro Se Attorneys for a corporation which makes their defenses moot in all courts," *id.* at 4 (capitalization in original.) Moreover, "Defendant's defenses are lies and conspiracy to insurance fraud and abuses of discriminations." (*Id.* at 5.)

Plaintiff sues Jennifer S. Adams, the Law Office of Jennifer S. Adams, Michael K. Gertzer, Iryna S. Krauchanka, Andrea Alonso, Morris, Duffy, Alonso & Faley, Kevin Faley, Holly Renson, Lina Rossilo, Kevin Mahon, Gail S. Karan, Mark Healy, William Manning, Progressive Max Insurance Company, Michael Titowsky, Progressive Corporation Insurance Company, Kenneth Pitcoff, Patricia Permakoff, Edward Harrington, and Matthew Daudier. He seeks money damages. (*Id.* at 6.)

## DISCUSSION

**A.     Claims Against Krauchanka, Renson, and Karan**

Plaintiff's argument that Krauchanka is liable to him for making an appearance in the Court of Appeals for the Second Circuit on behalf of Progressive in Plaintiff's appeal of the

Court's decision in *Johnson*, ECF 1:19-CV-2902, 9, is frivolous. As an attorney representing Progressive, Krauchanka was entitled to make an appearance on its behalf to defend against Plaintiff's appeal. Plaintiff has not alleged any facts indicating that Krauchanka took any illegal actions. Moreover, Plaintiff's claim that Renson and Karan are liable for signing and notarizing an affidavit of service is also frivoulous. The Court therefore dismisses Plaintiff's claims against Krauchanka, Renson, and Karan for failure to state a claim upon which relief may be granted and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**B.     Claims Against The Law Offices of Jennifer S. Adams, Adams, Gertzer, and Daudier**

Plaintiff has not alleged any specific facts regarding Defendants Law Office of Jennifer S. Adams, Jennifer S. Adams, Michael Gertzer, and Matthew Daudier. Moreover, Judge Stanton has already dismissed claims brought by Plaintiff against these Defendants in relation to the January 28, 2017 car accident. *See Johnson*, ECF 1:19-CV-6272, 4. The Court therefore dismisses Plaintiff's claims against these Defendants for failure to state a claim upon which relief may be granted and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**C.     Claims Against Progressive**

Plaintiff has been repeatedly told that he must file all of his claims against Progressive arising out of the January 28, 2017 car accident in Buffalo, New York, in his first-filed suit against Progressive in Ohio, that is, in *Johnson v. Progressive*, No. 19-CV-826 (N.D. Ohio). *See, e.g., Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) ("[T]he general rule [is] that in the absence of sound reasons[,] the second [federal court] action should give way to the first."); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) ("Where there are two competing lawsuits [in different districts], the first suit should have priority."); *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir.

4

2008) (same).[1] It is frivolous for Plaintiff to file yet another action against the same defendant (Progressive) in federal court arising out of the same January 28, 2017 accident in Buffalo, New York, after being repeatedly informed that he may not do so.

**D.    Claims Against Remaining Defendants**

Plaintiff has not alleged any facts regarding Defendants Andrea Alonso, Morris, Duffy, Alonso & Faley, Ken Faley, Lina Rossilo, Keven Mahon, Mark Healy, William Manning, Michael Titowsky, Kenneth Pitcoff, Patricia Permakoff, and Edward Harrington. The Court therefore dismisses any claims Plaintiff may be asserting against these Defendants. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.    Leave to Amend**

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## LITIGATION HISTORY

Plaintiff has filed numerous other cases here and in other federal district courts regarding the January 28, 2017 car accident. *See e.g., Johnson v. Victoria Fire & Casualty*, ECF 1:19-CV-2782, 5 (S.D.N.Y. August 29, 2019) (transferring action to the United States District Court for

---

[1] In addition to the first-filed rule for determining which federal court is the appropriate forum when competing suits are filed in different district courts, the Court adds that "plaintiffs have no right to maintain two actions on the same subject *in the same court*, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (emphasis added).

the Western District of New York); *Johnson v. Progressive Corp. Ins. Co.,* No. 19-CV-2103 (CEH) (M.D. Fla. filed Aug. 22, 2019); *Johnson v. Abel,* No. 19-CV-2865 (EAS) (S.D. Ohio Aug. 5, 2019) (dismissing action and deeming Plaintiff a vexatious litigator); *Johnson v. Smith*, No. 19-CV-2490 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Coe*, No. 19-CV-2428 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Law Offices of Jennifer S. Adams*, ECF 1:19-CV-6272, 4 (S.D.N.Y. July 15, 2019) (dismissing complaint as frivolous and for failure to state a claim and warning Plaintiff under 28 U.S.C. § 1651); *Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826 (SO) (N.D. Ohio July 15, 2019) (denying Plaintiff's application to proceed IFP, dismissing the action without prejudice, and granting Plaintiff 30 days to pay the filing fee and file a motion to reopen); *Johnson v. Nationwide Ins.*, *et al.*, No. 19-CV-1130 (S.D. Ohio June 5, 2019) (dismissing action for failure to state a claim); *Johnson v. Progressive Corp. Ins. Co.,* ECF 1:19-CV-2902, 9 (S.D.N.Y. May 22, 2019) (dismissing complaint without prejudice to the action filed in the Northern District of Ohio); *Johnson v. Victoria Fire & Casualty*, No. 19-CV-0154 (S.D. Ala. May 21, 2019) (dismissing action for failure to state a claim).

In light of this litigation history, on November 5, 2019, Judge Woods, in another of Plaintiff's cases, ordered Plaintiff to show cause within thirty days why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Johnson v. Wolf*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 25, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge